FILED - USDC -NH
2025 SEP 26 PM 12:20

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE, et al., <br>     Plaintiffs[1], <br><br> v. <br><br> CORNISH NEW HAMPSHIRE <br> SCHOOL DISTRICT, MEMBER <br> SAU # 6, <br>     Defendant | Case No.:_____ <br><br><br> **JURY TRIAL REQUESTED** |

## COMPLAINT FOR ATTORNEYS' FEES UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA)

I.     Introduction

1. This is an action brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(B), and alternatively under the doctrine of Promissory Estopple for the recovery of reasonable attorneys' fees and costs.

II.    Jurisdiction and venue

2. This court has subject-matter jurisdiction over this action under 20 U.S.C. § 1415(i)(3)(B) and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this court under 28 U.S.C. § 1391 because the Defendant school district is located within this district.

---

[1] "Plaintiffs' herein are the moving party on their claim for the recovery of attorneys' fees and costs, however, the lower case derived from an administrative hearing under 20 US § 1415 (k). In that case, they were referred to as Respondents, and the Cornish New Hampshire School District, Member Sau #6, was referred to as Petitioners.

1

III. Parties

4. Plaintiffs include the Plaintiffs, John and Jane Doe and minor Plaintiff, ("Jerry Doe") a child with a disability, and a prevailing party in an administrative due process proceeding against the Defendant, [School District Name]. Plaintiffs have filed an ex-parte motion for use of pseudonyms to protect their privacy, as more particularly stated in said motion. Plaintiffs await the outcome of that decision and intend to amend this complaint thereafter.

5. Defendant is the Cornish New Hampshire School District, Member SAU # 6. Mr. Kyle Ryley, Superintendent, with a mailing address of 274 Town House Rd. Cornish, NH 03745. Phone number: 603-675-6279.

IV. Facts

6. Defendant, through legal counsel, initiated an expedited due process proceeding against the minor Plaintiff by filing said complaint with New Hampshire Department of Education, Office of Administrative Hearings.

7. The due process complaint alleged that the minor Plaintiff was a risk of substantial harm to self or others in the public-school setting or at school funded or sponsored events based solely on his out-of-school behavior. This denied the minor Plaintiff a FAPE in violation of the IDEA, because the Defendant failed to gather the IEP Team to discuss Student's disability, manifestation, behavior modifications or other appropriate means to address the behavior before removing said minor child from the regular educational placement.

8. At the close of the administrative due process hearing, Plaintiffs' attorney had a significant heart attack and was under medical restriction thereafter. This fact relates to the post-hearing events described below.

9. Following the administrative process, Plaintiffs prevailed by obtaining relief on the merits of their defense that Defendants' actions were unlawful and harmful to minor Plaintiff.

10. On May 9, 2025, a final decision was issued by the hearing officer in favor of the Plaintiffs.

11. A copy of the final administrative decision or settlement agreement is attached to this complaint as Exhibit 1.

12. As the prevailing party, the Plaintiff is entitled to reasonable attorneys' fees and costs under 20 U.S.C. § 1415(i)(3)(B).

13. The reasonable fees and costs incurred by the Plaintiff in the administrative proceeding total $22,302.80. Exhibit 2.

14. This amount is based on the reasonable hourly rates in the community for similar services and the time reasonably expended on the case.

15. On May 19, 2025, Plaintiff's counsel provided Defendant with a copy of the attorneys' fees and costs and demanded payment.

16. The Defendant has failed or refused to pay the fees and costs, necessitating this action.

V. Causes of Action

17. Recovery of attorneys' fees and costs. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16. Under 20 U.S.C. § 1415(i)(3)(B), a court may

award reasonable attorneys' fees as part of the costs to a parent who is a "prevailing party." As a prevailing party in the administrative proceeding, the Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

18. Alternative cause of action. Plaintiffs are entitled to the recovery of their reasonable attorneys' fees and costs under the doctrine of **promissory estopple** because:

    a. The Defendant made a clear and unambiguous offer to pay Plaintiffs reasonable attorneys' fees and costs on or about May 19, 2025, but had a few questions about some of the charges they deemed non-recoverable under IDEA. They requested an additional breakdown of these charges, which Plaintiffs' attorney agreed to provide, but since this attorney was under a medical disability, it was communicated that this would take additional time. No objection followed.

    b. Plaintiffs relied on this status and undertook the review. A compressive analysis was made and each of the Defendants' concerns were addressed. This information was provided to Defendant before a motion was filed in the local juvenile court (to protect minor Plaintiff's privacy). The Defendant objected to the corrections made on the invoice and moved to dismiss the case for lack of subject matter jurisdiction.

    c. In the meantime, Plaintiffs' attorney (recovering from heart attack) and the minor child (hospitalized and thereafter in treatment) were under a disability, which the Defendant knew or should have known.

    d. Considering a-c, above, it was reasonable for Defendants to foresee that Plaintiffs would rely on this promise, especially when Defendants' attorney

4

stated in relevant part, "we are just trying to determine how much the District owes" (in response to email receipt of Plaintiffs' May 19, 2025, invoice).

   e. As soon as reasonably practicable after disability lifted, Plaintiffs attorney initiated communication with the Defendant to determine if they had any questions on the information they requested and at that time.

   f. Rather than adjust their prior understanding of the invoice, Defendant, though its attorney threatened Plaintiff with a suit for malicious prosecution /abuse of process.

   g. Aside from the inappropriate response of Defendants' attorney, Plaintiffs will suffer a great injustice, as will and other similarly situated Plaintiffs if the Defendant can wipe its hands clean, while Plaintiffs are left holding the "financial bag."

   h. This is not the intention of the fee shifting provisions under IDEA – which is meant to make the prevailing party whole, in terms of obtaining a FAPE.

19. Plaintiff is also entitled to attorneys' fees and costs for prosecuting this action to recover the fees incurred in the underlying administrative proceeding. Plaintiffs seek prejudgment interest from May 19, 2025, to the date of filing and acceptance of this complaint.

VI.   Prayer for relief

**WHEREFORE,** Plaintiffs (names withheld) pray for judgment against Defendant, Cornish New Hampshire School District, Member SAU #6, as follows:

A. For an award of reasonable attorneys' fees and costs in the amount of $22,302.80 incurred in the defendant Plaintiffs in administrative due process proceeding.

B. For an award of reasonable attorneys' fees and costs incurred in bringing this action and pre-filing interest from May 19, 2025.

C. For such other and further relief as the Court deems just and proper.

September 22, 2025                    RESPECTFULLY submitted by,

/s/ Nancy A. Barbour
Nancy A. Barbour, Esq.
The Law Office of Nancy A. Barbour, PLLC.
P.O. Box 234 E. Randolph, VT 05401
nbarbour@nablaw.netNH
(978) 606-7385
NH Bar # 19636